**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARGIS HAKOBYAN, | No. 09-70354 |
| Petitioner, | Agency No. A096-144-697 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Sargis Hakobyan, a native of Syria and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's decision denying

his application for asylum, withholding of removal, and relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant in part and deny in part the petition for review, and remand.

Hakobyan testified that an Armenian government investigator abducted and beat him because Hakobyan had submitted repeated complaints to police, prosecutors, and parliament regarding an official's corruption. Substantial evidence does not support the BIA's nexus determination because Hakobyan's testimony established that he was targeted, at least in part, on account of his political opinion. *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1129-30 (9th Cir. 2007) (petitioner's testimony that he was targeted for raising complaints about an extortion scheme established that the persecution was, at least in part, "a response to his political opinion expressed through his whistle-blowing."). Because the BIA erred in its nexus determination, it did not fully consider Hakobyan's claim of past persecution and whether Hakobyan has a presumption of future persecution. *See Recinos de Leon v. Gonzales*, 400 F.3d 1185, 1191-92 (9th Cir. 2005). Accordingly, we grant the petition as to Hakobyan's asylum and withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this

conclusion, we need not reach Hakobyan's challenge to the BIA's denial of his motion to remand.

Substantial evidence supports the agency's denial of Hakobyan's CAT claim because he failed to establish it is more likely than not he will be tortured if returned to Armenia. *See Wakkary*, 558 F.3d at 1067-68.

Each party shall bear their own costs on this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**